BENJAMIN B. WAGNER
United States Attorney
MEGAN A. S. RICHARDS
Special Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.  1:11-cr-00285 LJO |
| Plaintiff, | ) |
| | ) MEMORANDUM OF PLEA AGREEMENT |
| v. | ) PURSUANT TO RULE 11(c) OF THE |
| | ) FEDERAL RULES OF CRIMINAL |
| JUAN IBARRA-TORRES, | ) PROCEDURE |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Megan A. S. Richards, and defendant, Juan Ibarra-Torres, and his attorney have agreed as follows:

1.   Scope of Agreement

This document contains the complete Memorandum of Plea Agreement ("Plea Agreement") between the United States Attorney's Office for the Eastern District of California ("Government") and the defendant regarding this case.  This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and

cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

2.   Charges

The defendant acknowledges that he has been charged in the Indictment in this case with one count, as follows:

Deported alien found in the United States, in violation of Title 8, United States Code, Section 1326.

3.   Nature, Elements and Possible Defenses

The defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in the Indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

The elements of the crime of Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326, are:

First,    the defendant is not a citizen of the United States;

Second,   the defendant was removed from the United States; and

Third,    the defendant was later found in the United States after having reentered the United States without having obtained the consent of the United States Attorney General or Secretary of the Department of Homeland Security.

4.   Agreements by the Defendant

(a)   The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b)   The defendant agrees to enter a plea of guilty to the single count in the Indictment, which charges defendant with Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326.

(c)   The defendant understands and agrees that he will not be

allowed to withdraw his plea should the Court fail to follow the Government's sentencing recommendations.

(d)   The defendant agrees that any sentence imposed in this case will be served consecutively to any other sentence that he might now be serving.

(e)   The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty.

(f)   The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction and sentence.  This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction and sentence on any ground, including any venue, statute of limitations, and mental competency issues, and any appeal right conferred by 18 U.S.C. § 3742.  The defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise.

(g)   Except for the specific departure agreed to by the Government under U.S.S.G. § 5K3.1 in section 5(b) below, the defendant agrees not to move for any other downward adjustments in his offense level under Chapters Two through Five of the Sentencing Guidelines.  The defendant also agrees not to move for any other downward departure or variance of his sentence whether under the Sentencing Guidelines or the factors of 18 U.S.C. § 3553.  The defendant understands and agrees that this agreement by him includes,

1  without limitation, not moving for a downward departure of his

2  offense level, criminal history category or criminal history points

3  as defined by the Sentencing Guidelines.  The defendant shall also

4  not request that any portion of his sentence run concurrent to any

5  criminal justice sentence that he may be serving or that he receive

6  credit for time served on any sentence he served or is currently

7  serving.  Additionally, the defendant agrees that the application of

8  the Sentencing Guidelines to his case results in a reasonable

9  sentence and that the defendant will not request that the Court apply

10  the sentencing factors under 18 U.S.C. § 3553 to arrive at a sentence

11  different than that called for under the Sentencing Guidelines.  The

12  defendant acknowledges that, if the defendant requests or suggests in

13  any manner a different sentence than what is called for under the

14  Sentencing Guidelines or the pre-plea advisory guideline presentence

15  investigation report ("PSR") in this case, the Government, at its

16  sole discretion, may withdraw from this Plea Agreement and continue

17  with its prosecution of the defendant as if the parties had not

18  entered into this Plea Agreement.

19      (h)  The defendant understands that the Court must consult the

20  Federal Sentencing Guidelines (as promulgated by the Sentencing

21  Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C.

22  §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United

23  States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and United

24  States v. Fanfan, 543 U.S. 220, 125 S. Ct. 738 (2005)), and must take

25  them into account when determining a final sentence.  The defendant

26  understands that the Court will determine a non-binding and advisory

27  guideline sentencing range for this case pursuant to the Sentencing

28  Guidelines.  The defendant further understands that the Court will

consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). The defendant agrees that a sentence at the low-end of his applicable guideline range following any § 5K3.1 departure in section 5(b) below is reasonable and part of an overall "reasonable sentence."

(i)  If it is determined that the defendant has violated any provision of this agreement, or if the defendant successfully moves to withdraw his plea:  (1) all statements made by the defendant to the Government, the Court, or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this agreement, shall be admissible as evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this agreement, or any leads derived therefrom, should be suppressed. By signing this agreement, the defendant waives any and all rights in the foregoing respects.

(j) The defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not

a citizen of the United States.  The defendant's plea to the
violation herein may subject him to automatic deportation and removal
from the United States.  See 8 U.S.C. § 1227(a)(1) et seq.  Defendant
affirms that he has been advised of the immigration consequences of
pleading guilty and wants to plead guilty regardless of any
immigration consequences that may result from his plea, even if such
consequence includes his automatic deportation and removal from the
United States after completing any sentence of incarceration due to
his plea.

    5.   Agreements by the Government

    (a)   The Government will recommend a two-level reduction (if the
offense level is less than 16) or a three-level reduction (if the
offense level reaches 16) in the computation of the defendant's
offense level if the defendant clearly demonstrates acceptance of
responsibility for his conduct as defined in Section 3E1.1 of the
Sentencing Guidelines.

    (b)   The Government will recommend that the defendant's offense
level be adjusted downward an additional four (4) levels under
U.S.S.G. § 5K3.1 if his criminal history category is less than VI, or
two (2) levels if his criminal history category is VI, and if he
agrees to an early disposition of this case under U.S.S.G. § 5K3.1
without a trial and without filing or presenting any pretrial motions
or objections to the PSR, and if he is sentenced the same day he
pleads guilty.

    (c)   The Government will recommend that defendant be sentenced
at the low end of the applicable U.S. Sentencing Guidelines range.

    (d)   The defendant acknowledges and understands that the
Government makes no other representations to him regarding

1  sentencing, including regarding fines, his criminal history or his

2  criminal history points under Chapter Four of the Sentencing

3  Guidelines.   Defendant understands that the Government may comment

4  and make recommendations to the Court and Probation Office regarding

5  those matters.

6      6.   Factual Basis

7      The defendant concedes that he will plead, and is pleading,

8  guilty to the crime set forth in the Indictment, because he is, in

9  fact, guilty of that offense.   The defendant also agrees that the

10  following are the true and correct facts of this case:

> Defendant is a native and citizen of Mexico and is not a
> citizen of the United States of America.   On or about June
> 22, 2008, the defendant was removed from the United
> States.   The defendant was found in the Eastern District
> of California on or about April 8, 2011.   The defendant's
> re-entry into the United States was without the permission
> of the United States Attorney General or the Secretary of
> the Department of Homeland Security.

> On or about April 21, 2004, the defendant was convicted of
> Foregery in violation of California Penal Code § 470(b),
> in the Superior Court of California, County of Tulare, and
> the defendant was sentenced to 2 years imprisonment (Case
> No. 125501).

19      7.   Potential Sentence

20      The following is the maximum potential sentence which the

21  defendant faces:

22          (a)   Imprisonment.

23              Maximum:   Twenty (20) years.

24          (b)   Fine.

25              Maximum:   Two-Hundred Fifty Thousand Dollars
                           ($250,000).

26          (c)   Both such fine and imprisonment.

27          (d)   Term of Supervised Release:

28

Maximum:   Three (3) years.

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the period of supervised release actually imposed by the Court or two (2) years, whichever is less.)

(e)   Penalty Assessment.

Mandatory:   One Hundred Dollars ($100.00).

8.   <u>Waiver of Rights</u>

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)   The defendant is giving up his right to plead not guilty and to persist in that plea.  If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the Government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)   If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  The defendant and his attorney would have a say in who the jurors would be, by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was

1   persuaded of his guilt beyond a reasonable doubt.

2   (c)  If the trial were held before a judge without a jury, the
3   judge would find the facts and determine, after hearing all the
4   evidence, whether or not he was persuaded of the defendant's guilt
5   beyond a reasonable doubt.

6   (d)  At a trial, whether by a jury or a judge, the Government
7   would be required to present its witnesses and other evidence against
8   the defendant.  The defendant would be able to confront those
9   Government witnesses and his attorney would be able to cross-examine
10  them.  In turn, the defendant could present witnesses and other
11  evidence on his own behalf.  If the witnesses for the defendant would
12  not appear voluntarily, he could require their attendance through the
13  subpoena power of the Court.  At trial, the defendant would also have
14  the right to assistance of legal counsel.  If he could not afford
15  legal counsel, one would be appointed for him by the Court at no
16  expense to him.

17  (e)  At a trial, the defendant would have a privilege against
18  self-incrimination so that he could decline to testify, and no
19  inference of guilt could be drawn from this refusal to testify.

20  (f)  If the defendant ever attempts to vacate his plea, dismiss
21  the underlying charges, or reduce or set aside his sentence on any
22  count(s) to which he is pleading guilty, the Government shall have
23  the right (1) to prosecute defendant on any and all count(s) to which
24  he pleaded guilty, and (2) to file any new charges that would
25  otherwise be barred by this Plea Agreement.  The decision to pursue
26  any or all of these options is solely in the discretion of the
27  Government.  By signing this Plea Agreement, the defendant agrees to
28  waive any objections, motions, and defenses he might have to the

Government's decision.   Defendant specifically agrees not to raise
any objections based on the passage of time with respect to such
counts including, but not limited to, any statutes of limitation or
any objections based on the Speedy Trial Act or the Speedy Trial
Clause of the Sixth Amendment.

The defendant understands that by pleading guilty he is waiving
all of the rights set forth above, and acknowledges that his attorney
has explained to him those rights and the consequences of his waiver
of those rights.

9.   Right to Counsel

The defendant understands that he has a right to counsel
throughout his case from his initial appearance through his trial or
guilty plea, or any dismissal of the case against him, and through
and including any sentencing.   If not for the waiver of appeal rights
in this Plea Agreement, the defendant would also have a right to
counsel on a direct appeal in his case.   The defendant understands
that the right to counsel includes the provision of defense counsel
through the Court if the defendant cannot afford to hire counsel.

10.   Questions by Court

The defendant understands that if the Court questions him under
oath, on the record and in the presence of counsel, about the offense
to which he has pleaded guilty, his answers, if false, may later be
used against him in a prosecution for perjury.

11.   Entire Plea Agreement

(a)   Other than this Plea Agreement, no agreement,
understanding, promise, or condition exists between the United States
and defendant.   Nor will any such agreement, understanding, promise,
or condition exist unless it is committed to writing and signed by

1  the defendant, counsel for the defendant, and counsel for the
2  Government.

3      (b)   This plea of guilty is freely and voluntarily made and is
4  not the result of force or threats, or of any promises apart from
5  those specifically set forth in this Plea Agreement.   There have been
6  no representations or promises from anyone as to what sentence the
7  Court will impose.

8      12.   Court not a Party

9      (a)   It is understood by the parties that the Sentencing Court
10  is neither a party to nor bound by this agreement.   Sentencing is a
11  matter solely within the discretion of the Court.   The Court is under
12  no obligation to accept any recommendations made by the Government,
13  and the Court may in its discretion impose any sentence it deems
14  appropriate up to and including the statutory maximum set forth in
15  Section 7 above.

16      (b)   In making its sentencing decision, the Court may take into
17  consideration any and all facts and circumstances concerning the
18  defendant's criminal activities, including activities which may not
19  have been charged in the Indictment.   If the Court should impose any
20  sentence up to the statutory maximum, the defendant understands that
21  he cannot for that reason withdraw his guilty plea, and he will
22  remain bound to fulfill all of the obligations under this Plea
23  Agreement.   The defendant understands that neither the prosecutor,
24  defense counsel, nor the Court can make or have made any promise
25  regarding the sentence the defendant will receive.

26      13.   Presentence Report

27      The defendant understands that the United States Probation
28  Office is not a party to this agreement and will conduct an

1   independent investigation of the defendant's activities and his

2   background.   It will then prepare a presentence report which it will

3   submit to the Court as its independent sentencing recommendation.   In

4   addition, the Government will fully apprise the Probation Office, as

5   well as the Court, of the full and true nature, scope and extent of

6   the defendant's criminal activities, including information on his

7   background and criminal history.

8

9                                    BENJAMIN B. WAGNER
                                     United States Attorney
10

11  Dated:  _3/8/13_              By: _Megan A. S. Richards_

12                                   MEGAN A. S. RICHARDS
                                     Special Assistant U.S. Attorney
13

14  Dated:  _3 - 6 - 13_          By: _Juan Cibarra_
                                     JUAN IBARRA-TORRES
15                                   Defendant

16  Dated:  _3/6/13_              By: _Charles Lee_

17

18                                   _CHARLES J. LEE_
                                     (print name)
                                     Attorney for Defendant
19

20  Dated:  _3/6/13_              By: _____

21                                   Interpreter

22

23

24

25

26

27

28